IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:        4:17cr64/AW/MAF
                                                   4:19cv231/AW/MAF

JESSICA RAE MAULDIN,
     Defendant.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Jessica Rae Mauldin's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 and supporting Memorandum of Law.   (ECF No. 227.)   The Government filed a response in opposition (ECF No. 236) and Defendant filed a reply (ECF No. 239).   The case was referred to the undersigned for the issuance of all preliminary orders and a recommendation to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).   After review of the record, the court recommends that the § 2255 motion be denied without an evidentiary hearing.   *See* Rules Governing Section 2255 Cases 8(a) and (b).

## I.    BACKGROUND

On November 28, 2017, Defendant Jessica Rae Mauldin was charged with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, distribution of five grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime.   (ECF No. 1.)   The Government filed an Information and Notice of Intent to seek enhanced penalties because Mauldin had a single prior state felony drug conviction.   (ECF No. 20.)   Mauldin was detained pending trial and the Office of the Federal Public Defender was appointed to represent her.   (ECF Nos. 24, 26.)   The charges against Mauldin remained the same when, on January 16, 2018, the grand jury returned a superseding indictment adding a firearm charge against another defendant. (ECF No. 63.)

On January 26, 2018, Mauldin entered a plea of guilty pursuant to a written plea agreement and statement of facts which both she and her appointed attorney, Richard A. Greenberg, Esq., signed.   (ECF Nos. 92-94, 234.)   Pursuant to the agreement, she pleaded guilty as charged in Counts One, Two and Four of the superseding indictment.   Because of her prior conviction, Mauldin faced a minimum term of 20 years' imprisonment

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

on Count One and a minimum term of ten years' imprisonment on Count

Two, followed by a minimum consecutive term of five years' imprisonment

on Count Four.   (ECF No. 92 at 2.)   The court reiterated these potential

penalties at the change of plea proceeding.[1]   Mauldin, who presented as

articulate and intelligent, not only affirmed under oath that she understood

these penalties, but in response to the court's question, she correctly

calculated the mandatory minimum penalty she faced absent a substantial

assistance motion.   (ECF No. 234 at 5-6.)

Mauldin affirmed she understood that if her answers during the plea

proceeding were not truthful and complete, they could be used against her

in a separate prosecution for perjury or false statement.   (ECF No. 234 at

7.)   She also assured the court, in her own words, that she was "perfectly

lucid and clear" during the proceeding.   (*Id.* at 12.)   Mauldin

acknowledged her understanding that by entering a plea of guilty she was

waiving any defenses she might have, including the filing of a motion to

suppress, as well as the right to challenge her guilt or innocence.   (*Id.* at

13-14.)

---

[1] The proceedings combined Mauldin's initial appearance on the superseding indictment, her change of plea and motion for a detention hearing.   (ECF No. 234.)

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

Mauldin also assured the court she had discussed matters surrounding her plea at length with Mr. Greenberg and that she was "pleased with his representation."   (ECF No. 234 at 4, 19.)   She acknowledged having signed all the plea documents of her own free will, and that the facts set forth in the statement of facts were correct.   (ECF No. 234 at 20, 32.)   She specifically agreed with the court's statement that she knowingly possessed the firearm and she had it to help distribute the methamphetamine as charged in Count One.   (*Id.* at 35.)

Before accepting her guilty plea, the court gave Mauldin the opportunity to change, amend, alter or clarify any of the answers she had given in open court or consult further with counsel.   She declined to do so. (ECF No. 234 at 36.)

Mr. Greenberg attempted to secure Mauldin's release pending sentencing, so she could assure the well-being of her five-month old daughter, arguing that the case presented "exceptional circumstances." (ECF No. 234 at 51.)   The court heard testimony from Mauldin and a childhood friend who was willing to allow Mauldin to reside with her until sentencing.   The Government in turn took the position that Mauldin's case did not present exceptional circumstances and her previous conduct

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

evidenced a lack of concern for her children.   It noted she had three other

children during the time she was dealing significant amounts of

methamphetamine, and she was pregnant during the latter portion of the

conspiracy.   The Government also reported that Mauldin's testimony that

she was successfully completing a case plan for the Department of

Children and Families related to her pending drug charges was "not

accurate," and she was on the verge of being dropped from the program for

her failure to comply.   (*Id.* at 52-54.)   The court found there were no

exceptional circumstances justifying pre-sentencing release and denied her

request.

    As set forth in the Presentence Investigation Report ("PSR"), Mauldin

had a total offense level of 33 as to Counts One and Two, and a criminal

history category of III.   (*See* ECF No. 138.)   The corresponding guidelines

range of 168 to 210 months on these counts became 240 months due to

the statutory mandatory minimum on Count One, followed by the

mandatory 60-month term of imprisonment on Count Four.   (PSR ¶¶ 98,

99.)

    At sentencing, Mauldin was again placed under oath.   (ECF No. 235

at 2.)   She assured the court that Mr. Greenberg had answered all her

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

questions regarding the PSR, and she again confirmed she was "well pleased with his representation" and had no complaints at all.   (*Id.* at 3.) The record is devoid of any suggestion of a problem between Mauldin and her attorney.

The parties agreed that the starting point for Mauldin's sentence was the mandatory minimum of 300 months' imprisonment.   The court noted that in addition to the Government's 5K1 motion, it had received numerous letters in support of Mauldin, including from fellow inmates and corrections officers at the Washington County Jail.   (*Id.* at 4-6, 17; *see* ECF Nos. 40, 42.)   Mauldin's father and brother testified in her behalf and she also spoke, asking the court for leniency.   After considering the record, the court sentenced Mauldin to a total of six years' imprisonment, which it acknowledged was "an enormous departure" from the twenty-five year guidelines sentence.   (ECF No. 235 at 32.)   The court assigned great weight to Mauldin's cooperation and expressed its absolute belief in her "capacity at rehabilitation and reentry into the community."   (*Id.*)

Mauldin did not appeal, but timely filed a § 2255 motion pursuant to the prison mailbox rule[2] on May 9, 2019.   (ECF No. 223 at 12.)   Because her motion was not on the proper court form, the court directed her to file an amended motion.   (ECF No. 224.)   Mauldin was instructed that the amended motion should be complete in and of itself, should include all her arguments and grounds for relief, and that it should not refer to the original submission.   (*Id.* at 2.)   She filed the instant amended § 2255 motion and supporting memorandum of law on July 8, 2019.   The Government opposes the motion in its entirety.

## II.   ANALYSIS

### A.   General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014).   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum

---

[2] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.   *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28

U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th

Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions

of constitutional rights and for that narrow compass of other injury that

could not have been raised in direct appeal and would, if condoned, result

in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d

1225, 1232 (11th Cir. 2004) (citations omitted).

　　　The law is well established that a district court need not reconsider

issues raised in a section 2255 motion that have been resolved on direct

appeal.   *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014);

*United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v.*

*United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).   Conversely, because

a motion to vacate under section 2255 is not a substitute for direct appeal,

issues that could have been raised on direct appeal are generally not

actionable in a section 2255 motion and will be considered procedurally

barred.   *Granda v. United States,* 990 F. 3d 1272, 1286 (11th Cir. 2021)

(citation omitted); *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*,

523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195

(11th Cir. 2011).   An issue is "'available' on direct appeal when its merits

can be reviewed without further factual development."   *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes either (1) cause for not raising the ground on direct appeal *and* actual prejudice resulting from the alleged error, or, alternatively, (2) he is "actually innocent."   *Granda*, 990 F. 3d at 1286; *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).

To show cause sufficient to excuse a procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.   *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).   In order to prevail on a claim of

ineffective assistance of counsel, a defendant must show (1) her attorney's

representation fell below "an objective standard of reasonableness," and

(2) a reasonable probability exists that, but for counsel's unprofessional

conduct, the result of the proceeding would have been different.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).   "The burden of

persuasion is on a section 2255 petitioner to prove, by a preponderance of

the competent evidence, both that counsel's performance was

unreasonable, and that she was prejudiced by that performance."   *Demar*

*v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks,

brackets, and citations omitted)[3]; *see also Johnson v. Alabama*, 256 F.3d

1156, 1176 (11th Cir. 2001) ("The petitioner bears the burden of proof on

the 'performance' prong as well as the 'prejudice' prong of a *Strickland*

claim, and both prongs must be proved to prevail.").   In applying

*Strickland*, the court may dispose of an ineffective assistance claim if a

defendant fails to carry her burden on either of the two prongs.   *Strickland*,

466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir.

---

[3] Neither the Federal Rules nor the Local Rules of this Court proscribe the citation of
unpublished opinions.   *See* Fed. R. Civ. P. 32.1(a).   The Eleventh Circuit rules provide
that "[u]npublished opinions are not considered binding precedent, but they may be
cited as persuasive authority."   11th Cir. R. 36-2.

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

*Strickland*'s two-part test also applies to guilty pleas.  *Carmichael v. United States,* 966 F.3d 1250, 1258 (11th Cir. 2020); *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).  A defendant will be required to show that but for counsel's errors, she would not have pleaded guilty and would have instead insisted on proceeding to trial.  *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).  In such a case, a defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."  *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *see also Chandler v. United*

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

*States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation").   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.

To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).

As noted above, it is the defendant's burden to provide factual support for her contentions regarding counsel's performance.   *See Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland*

test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020) (citing *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992)); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).   A defendant must identify the errors or omissions of which she complains and explain how they affected the outcome of the proceedings.   *Boyd*, 697 F.3d at 1333.   A silent record is not sufficient to disprove the strong and continuing presumption of effective representation.   "[W]here the record is incomplete or unclear" about counsel's actions, the court "will presume that he did what he should have done, and that he exercised reasonable professional judgment."   *Grayson v. Thompson*, 257 F. 3d 1194, 1218 (11th Cir. 2001) (*quoting Chandler*, 218 F. 3d at 1314, n. 15).   Where "the evidence does not clearly explain what happened, or more accurately why something failed to happen, the party with the burden loses."   *Romine v. Head*, 253 F. 3d 1349, 1357 (11th Cir. 2001).

Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.   *Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for

failing to raise meritless objection to use of prior drug convictions as predicate offenses under ACCA); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether the issue is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at 1313.   This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d

1177, 1180 (11th Cir. 2000).    Lawyers in every case could have done something more or different, and the issue is not what is possible, but only what is constitutionally compelled.    *Chandler*, 218 F.3d at 1313.    "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of her constitutional rights based on her attorney's performance.    A defendant's belief that a certain course of action that counsel failed to take might have helped her case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).   To be entitled to a hearing, a defendant must allege facts that, if true, would prove she is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

B. Mauldin's Claims for Relief

    1.  Ineffective assistance of counsel

Mauldin's first claim for relief is that counsel provided constitutionally ineffective pre-plea assistance to her.   Specifically, she claims that counsel

"handed [her] over to the Government" within days of being assigned to the case, telling her she had no alternative but to accept the plea offer or face a mandatory twenty-five year sentence.   (ECF No. 227-1 at 1.)   He also allegedly refused to file a motion to suppress the gun that was the basis for Count Four.   In support of her claim, Mauldin now asserts that she lied to the court under oath at her rearraignment about material matters relating to the voluntariness of her plea.[4]   (*Id.* at 2.)   The court will first address the issue of the voluntariness of Mauldin's plea.

An allegation of a coerced plea, supported by a factual allegation, can support a § 2255 motion.   *See Fontaine v. United States*, 411 U.S. 213, 214–15 (1973); *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001).   However, a defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings.   *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (citing *Blackledge*).   This is because solemn declarations made under oath in open court carry a strong

---

[4] The court offers no opinion on whether Mauldin's admitted perjury warrants prosecution or any other sanction.

presumption of verity.    *Blackledge*, 431 U.S. at 73–74; *Winthrop-Redin,*

767 F. 3d at 1216 (citing *Blackledge*).    They are presumptively trustworthy

and are considered conclusive absent compelling evidence showing

otherwise; the subsequent presentation of conclusory and contradictory

allegations does not suffice.    *Blackledge*, 431 U.S. at 73–74; *Winthrop-*

*Redin*, 767 F.3d at 1216.    In fact, such allegations are subject to summary

dismissal.    *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*, 431 U.S.

at 74).

A defendant "bears a heavy burden to show his statements [under

oath] were false."    *Winthrop-Redin,* 767 F.3d at 1217 (quoting *United*

*States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988)).    "[I]f the Rule 11

plea taking procedure is careful and detailed, the defendant will not later be

heard to contend that he swore falsely."    *United States v. Stitzer*, 785 F.2d

1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d

1241, 1243 (5th Cir. 1975)).    This is essentially the situation presented in

this case.

A review of the transcript from the rearraignment proceedings reflects

a thorough colloquy during which Mauldin was actively engaged.    She did

not merely respond mechanically to the court's questions.   There is

nothing in the record to suggest that Mauldin's testimony throughout the

proceeding was peppered with false statements, as she now contends.   As

a policy matter, permitting a defendant who may be dissatisfied with her

sentence to re-open prior proceedings merely by claiming she committed

perjury neither aids the administration of justice nor supports the public

interest in finality.   Mauldin has not met her burden of presenting

compelling evidence in support of the alleged falsity of her prior sworn

statements.   *Blackledge*, 431 U.S. at 73–74.

Mauldin complains that counsel never consulted with her about her

desire to cooperate, but instead "just handed his client over to the

Government."   (ECF No. 227-1 at 1.)   She states she was never given the

opportunity to review discovery or the Government's evidence.   Finally,

Mauldin maintains that counsel advised her she had no alternative but to

accept the plea deal or face a mandatory twenty-five year sentence, and

that faced with this "false information" she had no alternative but to proceed

with counsel's "forced plea agreement."   (ECF No. 227-1 at 2.)

It is not clear why Mauldin believes counsel's advice regarding her

potential sentence was "false."   Indeed, if she had proceeded to trial and

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

been convicted, it is highly unlikely she would have been eligible for a 5K1

motion.   In this event, the court would have had no choice but to sentence

her to a minimum of twenty-five years' imprisonment[5] and up to a

maximum of life, as it explained at her rearraignment.   (ECF No. 234 at 6,

16-18.)   Mauldin admits as much when she notes that if the court

questioned her desire to accept the plea, she would have been "forced" to

face the mandatory minimum.   (ECF No. 227-1 at 2.)   She has not shown

that counsel's advice about her sentencing exposure was not within the

range of competence demanded of attorneys in criminal cases.   *Tollett v.*

*Henderson*, 411 U.S. 258, 267 (1973) (quoting *McMann v. Richardson*, 397

U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).   And, having failed

to show that her plea was involuntary, she waived this issue.   *United*

*States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty

plea waives ... claims of ineffective assistance of counsel except insofar as

the ineffectiveness is alleged to have rendered the guilty plea involuntary.");

*Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (by pleading

---

[5] This assumes the sentences on Counts One and Two were imposed to run
concurrently.

guilty, defendant waived ineffective assistance of counsel claims as it involved pre-plea issues).

As part of her claim, Mauldin also asserts she asked counsel to suppress the gun forming the basis for Count Four.   She describes the gun as "an old gun handed down to the defendant by her grandfather," that had "no clip in it and no ammunition," and she says it would have been impossible for the Government to prove a nexus between the gun and her drug trafficking activity.   (ECF No. 227-1 at 1.)   Mauldin's guilty plea, admitting all the elements of the criminal charge, waived all non-jurisdictional defects in the proceedings.   *United States v. Brown*, 752 F. 3d 1344, 1347 (11th Cir. 2014) (citations omitted).   The court advised her that by entering a guilty plea she was waiving any defenses she may have had to the charges and the right to pursue pretrial motions, including filing a motion to suppress.   (ECF No. 234 at 13-14.)   Mauldin is procedurally barred from re-opening the issue of her guilt as to Count Four and/or counsel's alleged failure to file a motion to suppress, as will be discussed further in Ground Two.   Her claim that the gun should have been suppressed also lacks factual record support.

Mauldin now asserts the gun in question was an antique that was never "placed with drugs, used to purchase or sell drugs or to intimidate anyone." (ECF No. 239 at 3.)   This statement is self-serving and unsupported.   In the Statement of Facts in support of her plea, Mauldin admitted ownership of a .22 caliber weapon found in a metal box behind the driver's seat of her vehicle during a traffic stop.   (ECF No. 93 at 4.) Scattered .22 caliber ammunition and a pistol holder were also recovered from the vehicle.   (*Id.*)   At the plea colloquy, Mauldin averred she understood that in order to secure a conviction on Count Four the Government would have to prove she had this .22 caliber pistol to advance the criminal enterprise, and she affirmed that she was pleading guilty because she was guilty of each count.   (ECF No. 234 at 35, 37.)   Not once during the hearing did she assert that the gun was an "antique"[6] or that it was incapable of firing.

Mauldin admits in her § 2255 motion that the Government claimed to have witnesses who could testify that she possessed and carried a pistol during her drug distribution activities, but she insists "that evidence was not

---

[6] An antique firearm is not included in the statutory definition of firearm.   *See* 18 U.S.C. § 921(a)(3) and (16).

introduced as part of the record and should not be considered."   (ECF No. 239 at 3.)   Obviously, there was no need for the Government to present such evidence since Mauldin did not challenge the factual basis for Count Four.   She should not now be permitted to reap a windfall because she seeks to retract her sworn admissions and change her possession.   In any event, the existence of these witnesses was mentioned in the Statement of Facts in support of Mauldin's plea, and by signing the document, Mauldin affirmed the Government could prove the facts contained therein beyond a reasonable doubt.   (ECF No. 93 at 4.)

Mauldin alternatively suggests she would have entered a guilty plea to the two drug charges and continued to trial on the gun charge had she known counsel was not going to file a motion to suppress.   This is disingenuous.   Mauldin knew no later than at her rearraignment that she was waiving the right to raise any factual challenge to her guilt, including the ability to file a motion to suppress.   More significantly, proceeding to trial on a single charge would not have provided her with any sentencing benefit.   Assuming she had been able to, and had elected to, proceed to trial on only the firearm charge, she would have jeopardized her chances of receiving any kind of benefit from cooperating with the Government.   Thus,

even if a jury acquitted her on Count Four, absent a 5K1 motion the court would have been constrained to sentencing Mauldin to at least the 20-year mandatory minimum on Count One, leaving her in a significantly worse sentencing position than she stands today.

In sum, Mauldin's claim that counsel provided constitutionally ineffective pre-plea assistance was waived by her voluntary guilty plea and factually without merit.

2.   Illegal Traffic Stop

In Mauldin's second ground for relief, she seeks to challenge an allegedly illegal traffic stop.   She includes no facts in support of this ground for relief, but refers to her "argument within her Opening Brief", in contravention of the court's order to amend.   (ECF No. 227-1 at 2.)   In any event, her claim that counsel was constitutionally ineffective for failing to move to suppress the traffic stop and evidence seized as a result thereof does not entitle her to relief.   A valid guilty plea bars a defendant from later raising a Fourth Amendment claim.   *See Class v. United States*, 138 S. Ct. 798, 803, 805 (2018) (citing *Haring v. Prosise*, 462 U.S. 306, 320 (1983) (noting that a guilty plea waives a defendant's right "to challenge the admissibility of evidence obtained in violation of the Fourth Amendment")).

Furthermore, even a review of Mauldin's initial motion does not reveal a viable basis for a successful motion to suppress.    The facts underlying the traffic stop are set forth in the PSR, as follows:

> On December 12, 2016, Mauldin was the subject of a traffic stop in Madison County.   During the traffic stop, a small baggie of methamphetamine was observed by law enforcement in the center console.   When questioned by law enforcement, Mauldin's passenger appeared nervous and had trouble answering basic questions.   A K-9 unit was brought on scene and eventually alerted to the presence of narcotics.   A search of Mauldin's vehicle revealed a backpack with approximately 2 grams of methamphetamine, along with various types of drug paraphernalia: large, sealable plastic bags; numerous plastic corners cut from larger baggies; a razor blade; a digital scale with residue; and two glass pipes with residue.
>
> On the floorboard of the vehicle, officers found scattered .22 caliber ammunition and a pistol holder.   Behind the driver's seat, a .22 caliber Jennings pistol was found inside a metal box. Mauldin admitted ownership of the firearm.   Additional evidence and cooperating witness testimony established that Mauldin possessed and carried the pistol when she distributed methamphetamine.   Mauldin is responsible for distributing at least 5 pounds (2.27 kilograms) of pure methamphetamine.

(ECF No. 138, PSR ¶¶ 24, 25.)

Mauldin states that "the search should not have taken place and the officers should not have coerced the defendant into opening the combination lock for them."   (ECF No. 223 at 9.)   She asserts that counsel should have moved to suppress the gun because it was securely locked

and lacking a clip, so it could not be fired.   (*Id.*)   Finally, according to

Mauldin, the traffic stop itself was illegal as "the officers had no basis for

their stop other than to allow the K9 to give a false reading and search the

vehicle."   (*Id.*)

Mauldin's bare assertions are simply insufficient to establish that

there was a viable basis for counsel to move to suppress the traffic stop or

the evidence seized as a result.   Neither the reason for the stop, nor any

possible basis for a challenge thereto, is apparent from the record.   Absent

any basis for a viable Fourth Amendment claim, counsel was not

constitutionally ineffective.   *Kimmelman v. Morrison*, 477 U.S. 365, 375

(1986).   Mauldin contends that there was no nexus between the gun and

the drugs, but she does not explain why she was carrying an "antique gift"

in her vehicle, with ammunition corresponding to said pistol scattered on

her floorboard.

Finally, the court notes that filing a motion to suppress, just as failing

to sign the plea agreement, could have jeopardized her ability to secure the

benefits of cooperation with the Government.   If so, even if the motion to

suppress had been successful, she would have faced the 20-year

mandatory minimum sentence.

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

No relief is warranted on this claim.

3. <u>Illegal Sentence</u>

Mauldin next claims she was illegally sentenced because her PSR incorrectly reflected, and assessed points for, pending state court charges arising out of the offense conduct in this case.   (ECF No. 227-1 at 2-3.) First, a claim of an illegal sentence could have been raised on appeal and is procedurally barred.   *Granda*, 990 F. 3d at 1286; *Lynn*, 365 F.3d at 1234–35.   Mauldin never asserts counsel was constitutionally ineffective for failing to file an appeal and pursue this issue, but had she done so she still would not be entitled to relief, as her claim has no basis in fact.

Mauldin was charged three times in state court with possession of methamphetamine between December 12, 2016 and December 5, 2017. (ECF No. 138, PSR ¶¶ 72, 74, 75.)   No criminal history points were assessed for any of these cases, as each was nolle prossed or no information was filed.   (*Id.*)   Nor was she assessed any points for her 2017 conviction of possession of controlled substance and possession of drug paraphernalia.   (*Id.*, PSR ¶ 63.)   Finally, the "pending charges" reflected in Paragraphs 68 and 69 were not assessed criminal history points, and the court's Statement of Reasons, section 1B3, reflects that

these charges were also nolle prossed.   (ECF No. 147 at 1.)   The PSR

was not incorrect, and no relief is warranted on this procedurally barred

claim.

    4.  <u>Use of Prior Conviction as Predicate for Enhanced Sentence</u>

    In her final ground for relief, Mauldin claims the prior state court

conviction used to support the enhanced sentence on her drug convictions

did not qualify as a predicate offense under 21 U.S.C. § 851.

    The Government's Information and Notice of Intent identified

Mauldin's February 17, 2017, conviction for Possession of a Controlled

Substance as the basis for enhanced penalties in this case.   (ECF No. 20,

ECF No. 138, PSR ¶ 63).   Mauldin now claims that this conviction,

involving 5.5 grams of methamphetamine, could not have served as a

predicate offense because "quantity is not an essential element" under

Florida law to secure a conviction.   (ECF No. 227-1 at 5.)   This claim, like

Maulpin's Ground Three, is due to be denied because it could have been

raised on appeal and is procedurally barred.   *Granda*, 990 F. 3d at 1286;

*Lynn*, 365 F.3d at 1234–35.   Although no further discussion is warranted

due to the procedural bar, the court notes the claim is also without merit.

Title 21 U.S.C. § 802(44) defines a felony drug offense as "an offense that is punishable by imprisonment for more than one year…"   Section 893.13(6)(a), Florida Statutes, provides that an individual in unauthorized actual or constructive possession of a controlled substance commits a felony of the third degree.   Such a felony is punishable by a term of imprisonment not exceeding five years.   *See* § 775.082(3)(e), Florida Statutes.   The PSR reflects that Mauldin was sentenced to a term of five year of drug offender probation, rather than imprisonment.   (ECF No. 138, PSR ¶ 63.)   The fact that Mauldin received a non-custodial sentence is irrelevant to the conviction's classification as a "felony drug offense" under federal law.   *See, e.g, White v. Warden, FCC Coleman-Low*, Case No. 5:10-cv-453-Oc-10TBS, 2012 WL 1900605, at *5 (M.D. Fla. May 24, 2012) (permitting consideration of state convictions for which defendant was "eligible" for thirty years imprisonment, although he did not serve an entire year in prison); *United States v. DeJesus*, 314 F. App'x 386, 389 (2d Cir. 2009) (permitting consideration of a state conviction where defendant received probationary sentence because the offense was punishable by a term of over one year); *United States v. Guzman-Tlaseca*, 546 F.3d 571, 579 (8th Cir. 2008) (permitting consideration of state conviction because

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

conviction under the statute in question could have resulted in a sentence either less or greater than one year); *United States v. Campos*, 163 F. App'x 232, 234 (4th Cir. 2006) (permitting consideration of state conviction so long as a violation of the statute was punishable by more than one year imprisonment, and noting that the actual sentence received was immaterial); *United States v. Roberson*, 459 F.3d 39 (1st Cir. 2006) (permitting consideration of state misdemeanor drug conviction because it was punishable by up to two years in prison);   *Kent v. United States*, Case No.1:07-cr-00063-MR-1, 2014 WL 221167 (W.D. N.C., Jan. 21, 2104) (disallowing consideration of conviction for which defendant could not have received a sentence of more than one year in prison); *c.f. McCarthy v. United States*, 135 F.3d 754, 757 (11th Cir. 1998) (holding that courts should look to the maximum sentence for the offense category in which the particular predicate offense falls, not to the particular sentence the defendant received, when defining a "serious drug offense" under 21 U.S.C. § 924(c)(2)(A)); *United States v. Murillo*, 422 F.3d 1152, 1153 (9th Cir. 2005) (same).   Even a state law classification as a misdemeanor would not yield a different result.   *See Burgess v. United States,* 553 U.S. 124, 129-135 (2008).

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

Thus, Mauldin's fourth ground for relief is procedurally barred and without merit.

### III.    CONCLUSION

An evidentiary hearing is not necessary to resolve Mauldin's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877.   For the foregoing reasons, the court finds that Mauldin has not shown that any of the claims raised in her motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 warrant relief.   They are procedurally barred or foreclosed by her guilty plea, as well as without merit.   Therefore, her motion should be denied in its entirety.

### IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (ECF No. 227) be **DENIED**.

2.     A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 16th day of November, 2021.


s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


Case Nos.: 4:17cr64/AW/MAF; 4:19cv231/AW/MAF

## NOTICE TO THE PARTIES

   **Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>   An objecting party must serve a copy of its objections on all other parties.   A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**