**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

v

JESSICA MAULDIN AKA JESSIE RAE
    Defendant.

Case Number: 4:17-CR-64-MW

## ORDER OF RELEASE

On March 27, 2024, the Defendant appeared before Judge Fitzpatrick for an initial appearance on a petition for offender on supervised release. The government did not move for detention and Defendant was released on existing conditions, with the added condition that she abstain from alcohol.[1] Subsequently, on April 18, Judge Fitzpatrick issued a warrant for offender on pretrial release after being advised by the US Probation Office that Defendant attempted to tamper with her sweat patch and also tested positive for, or admitted to using, alcohol on two occasions. Defendant had her initial appearance on that petition on April 18, 2024 in front of Judge Bolitho and the government moved for detention.

The undersigned held a detention hearing on Tuesday, April 23, 2024. At the detention hearing the government argued the Court should consider the standards set forth in 18 U.S.C. § 3148 and find (1) by clear and convincing evidence that Defendant has violated the conditions of her release and (2) Defendant is unlikely to abide by any conditions of release. Defendant, on the other hand, argued Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1), applies. Thus, Defendant argued before detaining her, the Court must find "by clear and convincing evidence the person is not likely to flee or pose a danger to the safety

---

[1] Defendant showed up to the initial appearance under the influence of alcohol.

of any person or the community if released under 3142(b) or (c)."[2]  Also, while Defendant admits to using alcohol, she denies the allegations of methamphetamine use and contends the sweat patch results are defective.

After considering the evidence proffered by the Defendant, and the evidence proffered by the government, regardless of which section applies, the Court finds Defendant should be released.  While the Court agrees with the government that Defendant certainly has not exhibited a willingness or an ability to abide by the conditions of her release, the Court notes the revocation hearing is set for May 3, 2024, and her alleged violations can be addressed at that time.  Defendant is also currently undergoing substance abuse treatment.  Additionally, there is no evidence Defendant engaged in any dangerous activity while using alcohol and no indication of the amount of alcohol in her system.  Also, Defendant has been reporting to probation and voluntarily surrendered on the petition.  However, should Defendant continue to violate the conditions of her pretrial release, the US Probation Office should notify the Court immediately.

Accordingly, IT IS ORDERED Defendant shall be released and her release is subject to the existing conditions of her supervised release.

Entered on April 22, 2024

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, Rule 32.1(a)(6) makes clear "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

4:17-CR-64-MW